[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 61, and the defendant husband, 66, married on June 8, 1957 in Stamford, Connecticut. The plaintiff had resided in the state of Connecticut for more than one year prior to the commencement of this action which was served on the defendant on September 7, 1993, returnable to September 21, 1993. There are no children of the marriage. The plaintiff seeks a dissolution and other relief.
Both parties emigrated from Hungary and married six months CT Page 8990 later. The plaintiff worked for four years at Stamford Hospital. She then was hired by Clairol in October, 1961, where she has continued to work to the time of trial. The plaintiff's present position is research scientist. The plaintiff's present salary is $4,297.76 monthly gross and, after mandatory deductions, nets $3,048.00.
The defendant was employed by Standard Brands at the time of the marriage. The company later became part of RJR Nabisco. The defendant continued his career with the same employer until 1990 when he retired from his position as Research Director. He receives a gross monthly pension of $4,193.00; Social Security of $904.00 and investment income of $284.00. After deducting taxes, his net disposable monthly income is $4,541.00.
An expert witness for the plaintiff placed a present value as of March 13, 1995, of $432,705.00 on the defendant's pension which is not a joint and survivor annuity. This valuation does not address the taxability of the pension benefit for it only discounts the income stream utilizing the mortality table and an assumption of interest to be earned on the present lump sum value. (C.S.Thompson v. Thompson, 183 Conn. 96, 101). The plaintiff voluntarily elected to give up her survivor rights in the defendant's pension by waiver executed in November, 1993.
The expert witness also valued the plaintiff's pension at $242,456.00 for present value. If the plaintiff retired, her annual pension benefit is $20,860.00.
The parties purchased a home in 1971 known as 223 Bayberry Lane, Westport, Connecticut. The defendant vacated the home when his company moved the defendant's laboratory to New Jersey. A year later, the defendant purchased a home in New Jersey. The parties have stipulated that the Westport home has a present fair market value of $325,000.00. It is subject to a mortgage balance of $6,500.00. The defendant estimates his New Jersey home to be worth $160,000.00 subject to a mortgage balance of $111,000.00.
The plaintiff has two IRA accounts totaling $20,790.32 and a 401(k) plan containing $53,115.70. The defendant has an IRA account worth $37,873.00 and a 401(k) plan containing $220,270.00.
The plaintiff has a checking account containing $3,579.00, a 1991 Chevrolet, Camaro with no value, and a fur coat she values at $3,800.00. The defendant has checking accounts totaling $3,390.00, CT Page 8991 Treasury Bills valued at $95,000.00, a Capital Investment Plan containing $220,270.00, and no auto although he incurs monthly expenses for gas and oil, tolls, auto repairs, and auto insurance.
The marriage relationship was no longer monogamous as early as the late seventies according to the plaintiff's description of the defendant's infidelities. The defendant accused the plaintiff of infidelities as early as the 1970's. By her own admission, the plaintiff had taken a lover in 1979. The plaintiff testified that sexual relations with the defendant stopped in 1976.
Despite these open marriage activities, the parties carried on their other activities as a couple until the defendant moved to New Jersey. Since at least 1985, the parties have kept their financial affairs separately.
The defendant testified that the marriage breakdown became irretrievable in April, 1994. The plaintiff alleged the breakdown as irretrievable in her September 21, 1993 complaint.
Having reviewed the evidence in light of the statutory criteria, the court enters a judgment dissolving the parties' marriage and the following orders.
1. The plaintiff is awarded the defendant's interest in the real estate known as 223 Bayberry Lane, Westport, Connecticut, as is, and the plaintiff shall assume the mortgage balance. She shall retain the home's contents as her sole property.
2. The plaintiff shall retain her pension benefits.
3. The plaintiff shall retain her checking account, her IRAs, and her 401(k) plan.
4. The defendant shall retain the New Jersey real estate.
5. The defendant shall retain his checking accounts, the Treasury Bills, his IRA, and his Capital Investment Plan.
6. The defendant shall retain his pension benefits.
7. The defendant shall pay lump sum alimony to the plaintiff of $90,000.00 payable in installments of $9,000.00 each, the initial installment due and payable on January 15, 1996 and on the 15th day of January of each of the succeeding eight years. CT Page 8992
8. The parties shall otherwise retain any other assets not allocated above and shall be responsible for their respective debts.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.